UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COU...

DEC 16 2002

DOUGLAS TAYLOR DORAN,

 Plaintiff,

v.                CIVIL NO. 02-1403 WJ/DJS

DR. PAUL ROBINSON, President of Sandia Labs,

 Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court *sua sponte* to review Plaintiffs' complaint pursuant to 28 U.S.C. §1915(e)(2). The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. §1915(e)(2)(B) if the Court determines that the action is frivolous or malicious or that the action fails to state a claim upon which relief may be granted. The Court may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). In reviewing a *pro se* plaintiff's complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel, but is at the same time mindful that the complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).



Liability in the instant action is premised upon 42 U.S.C. §1983. Plaintiff asserts two causes of action. First, he asserts that he is a party to the charter of the International Military Tribunal at Nuremberg in 1945 and that the design of nuclear weapons at Sandia National Laboratories is a crime against his well being. Second, Plaintiff asserts that the design of such weapons is a hostile act leading to the crime of indiscriminate attack. In a motion attached to his complaint, Plaintiff refers to definitions of "crimes against peace" and the "crime of indiscriminate attack" which he asserts are drawn from the Geneva convention. Plaintiff contends that the threat of damage causes him unnecessary distress, worry, and concern for his family. As relief, he requests that he receive assurance that nuclear weapons design at Sandia National Laboratories has been stopped, to be verified by a meeting between Plaintiff and Dr. Paul Robinson. Plaintiff further requests that Defendant publicize the meeting.

An *in forma pauperis* lawsuit also may be dismissed under § 1915(d) as legally frivolous if the claims are "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Northington v. Jackson, 973 F.2d 1518, 1520 (10th Cir.1992). The court may dismiss a claim as factually frivolous only if the facts are clearly baseless, which is to say that they are fanciful, fantastic, or delusional. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). However, a claim is not factually frivolous merely because the plaintiff's allegations are unlikely. Id. Even so, in determining whether a claim is factually frivolous, the Court may "pierce the veil of the complaint's factual allegations" whether or not there are judicially noticeable facts available to contradict them. Neitzke, 490 U.S. at 327 (1989).

Plaintiffs' complaint presents no legal theory or factual basis upon which to make a claim against the named Defendant. To the extent that Plaintiff seeks to establish liability against Dr.

Robinson personally, he must show that the defendant was personally involved in or caused the alleged constitutional violation. "Individual liability under §1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir.1997); Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir.1996) (noting personal involvement is an essential allegation in a §1983 action); Smith v. Maschner, 899 F.2d 940, 950-51 (10th Cir.1990) (*respondeat superior* alone will not support § 1983 liability). Plaintiff does not allege any personal involvement by Dr. Robinson in nuclear weapons design.

Assuming, *arguendo*, that Plaintiff seeks to state a claim against Dr. Robinson in an official capacity, an official capacity claim against a government officer is really a claim against the government that employs that officer. See Myers v. Okla. County Bd. of County Com'rs, 151 F.3d 1313, 1316 n. 2 (10th Cir.1998). Any official capacity claims against Dr. Robinson, therefore, are really claims against the United States, and are barred by sovereign immunity in the absence of a waiver. See Pleasant v. Lovell, 876 F.2d 787, 793 (10th Cir.1989). Plaintiff has not identified any waiver of sovereign immunity for the type of claims he asserts. Further, this Court will not endeavor to identify and apply such a waiver to the facts of this case. See Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir.1991) (Court will not attempt to create an argument for a plaintiff in the absence of any discussion of the issues). Accordingly, any official capacity claims against Dr. Robinson in this complaint are barred.

Even if Plaintiff had presented adequate allegations against the named Defendant, he has not stated a constitutional violation. A complaint brought pursuant to §1983 must state facts showing that a specific defendant acting under color of law violated the constitutional rights, privileges, or immunities of a particular person. See Howard v. Dickerson, 34 F.3d 978, 980 (10th Cir.1994).

Plaintiff has not identified a constitutional right which has been violated, as there is no right to be free from distress, worry or concern. Further, Plaintiff has not alleged sufficient facts to establish his standing to assert alleged violations of the rights "on behalf of the People of the United States" as stated in the caption to his complaint. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 & n. 1 (1992) (holding that, to have standing, a plaintiff must have suffered a "particularized" injury, meaning "the injury must affect the plaintiff in a personal and individual way").

Because it is patently obvious that Plaintiff cannot prevail on the facts and legal theories alleged in the complaint, allowing him to amend the complaint would be frivolous and this action must be dismissed.

**IT IS THEREFORE ORDERED** that Plaintiffs' complaint is dismissed *sua sponte* as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B).

_____
WILLIAM J. JOHNSON
UNITED STATES DISTRICT JUDGE

4

Name: ~~Douglas Doran~~
Douglas Doran

Address: 147-K Calle Ojo Feliz, S.F., N.M. 87505

02 NOV -6 PM 1:16

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

Douglas Taylor Doran, Plaintiff
(Full Name) ON BEHALF OF THE PEOPLE OF THE UNITED STATES OF AMERICA

V.

Dr. Paul Robinson, Defendant(s)
President Sandia Labs

CASE NO. CIV 02-1403-WPJ DJS
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C. §1983

## A. JURISDICTION

1) Douglas Doran, is a citizen of New Mexico
   (Plaintiff)                         (State)
   who presently resides at 147-K Calle Ojo Feliz, Santa Fe, N.M. 87505
   (Mailing address or place of confinement)

2) Defendant Dr. Paul Robinson, President Sandia Labs is a citizen of
   (Name of first defendant)
   Albuquerque   New Mexico, and is employed as
   (City, State)
   Sandia National Laborotories President. At the time the claim(s)
   (Position and title, if any)
   alleged in this complaint arose, was this defendant acting under color of state law?
   Yes [X]   No [ ]   If your answer is "Yes", briefly explain: It is my
   understanding that a 'Yes' answer improves the standing
   of this complaint.

XE-2   2/78   CIVIL RIGHTS COMPLAINT (42 U.S.C. §1983)

1

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary, you may attach up to two additional pages (8 1/2" x 11") to explain any allegation or to list additional supporting facts.

A)(1) Count I: AS A PARTY TO THE TREATY BY ARTICLE VI, CLAUSE 2, NUCLEAR WEAPONS DESIGN AT SANDIA LABS IS A CRIME AGAINST MY WELL BEING. THE THREAT OF DAMAGE CAUSES ME UNNECESSARY DISTRESS, WORRY AND CONCERN FOR MY FAMILY AND MY FAMILIE'S GOOD HEALTH.

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing leagl authority or argument.)

AS A PARTY TO THE CHARTER OF THE INTERNATIONAL MILITARY TRIBUNAL AT NUREMBERG, 1945 BY ARTICLE VI, CLAUS 2 OF THE UNITED STATES CONSTITUTION AND IN GOOD RELATION WITH THE PURPOSE OF ARTICLE VI, NPT I COMPLAIN THAT NUCLEAR WEAPONS DESIGN AT SANDIA LABS CONSTITUTES AND SHOULD BE FOUND TO BE A CRIME AGAINST PEACE.

(SEE ATTACHED MOTION)

B)(1) Count II:

AS A PARTY TO THE 1977 ADDITIONAL PROTOCOL I TO THE 1949 GENEVA CONVENTIONS BY ARTICLE VI, CLAUSE 2 OF THE UNITED STATES CONSTITUTION WITH COMPLIMENTRITY TO THE PURPOSE OF ARTICLE VI, NPT I CHARGE THAT NUCLEAR WEAPONS DESIGN AT SANDIA LABS IS A CRIME AGAINST PEACE THAT SHOULD BE RECOGNIZED AND CONDEMNED AS A HOSTILE ACT LEADING TO THE CRIME OF INDISCRIMINATE ATTACK. (SEE ATTACHED MOTION)

(2) Supporting Facts:

SEE ATTACHED FACT SHEET ON RADIATION AND HEALTH

XE-2 2/78                                      -3-

C)(1) Count III:

(2) Supporting Facts:

D) PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☑ No ☐ If your answer is "YES", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    a) Parties to previous lawsuit.

        Plaintiffs:   SAME

        Defendants:   "

    b) Name of court and docket number:

        U.S.D.C. CIVIL NO. 1505 JP/LFG

        CIV 02 342 LCS DJS

    c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?

        DISMISSED WITHOUT PREJUDICE

    d) Issues raised: SAME

e) Approximate date of filing lawsuit: _____

f) Approximate date of disposition: _____

2) I have previously sought informal or formal releif from the appropriate administrative officials regarding the acts complained of in Part C. Yes ☐ No ☐ If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No," briefly explain why administrative relief was not sought.

### E.  REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

ASSURANCE THAT NUCLEAR WEAPONS DESIGN AT SANDIA LABS HAS BEEN STOPPED AND ERASED IN THE FORM OF AN INVITATION FROM DR. PAUL ROBINSON FOR ME TO MEET WITH HIM AND VERIFY THAT RELIEF IS MET. A RECORD OF THE MEETING TO BE PUBLCIZED BY THE DEFENDANT

_____
Signature of Attorney (if any)

_____
Signature of Petitioner

147. K CALLE OJO FELIZ
SANTA FE, NM 87505
505 992-7237 (msgs.)

Attorney's full address and telephone number.

XE-2   2/78                                  - 5 -

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. Sec. 1746. 18 U.S.C. Sec. 1621.

Executed at  SANTA FE  on  11/06  19 2002
           (Location)                      (Date)

                                  Douglas Dean
                                  (Signature)

/L

XE-2  2/78

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOUGLAS DORAN, PLAINTIFF

02 NOV -6 PM 1:16

CLERK-SANTA FE

V.

CIV 02-1403-WPJ DJS

PAUL ROBINSON, PRESIDENT SANDIA LABS, DEFENDANT

## A MOTION

Your Honor, my complaint against the defendant is at the start of the defendant's intent to commit, as atrocious and on a large scale, the crime of indiscriminate attack[1]. The defendant's intent being nuclear weapons design, which is a crime against peace.[2]

---

1. CRIME OF INDISCRIMINATE ATTACK - A defined war crime under the 1977 Additional Protocol I to the 1949 Geneva Conventions. Types of indiscriminate attack: 1) An attack that is not targeted at military objectives. (Damage to civilian property that is actually intended is known as wanton destruction, especially if it is wide-scale.) 2) Use of

2

PAGE 2.
(CONTINUED)

THE PLAINTIFF REQUESTS THAT THE DEFENDANT ANSWER; DOES THE DEFENDANT'S INTENT, (NUCLEAR WEAPONS DESIGN), NOT MEET THE DESCRIPTION OF A CRIME AGAINST PEACE THAT WOULD LEAD TO THE CRIME OF INDISCRIMINATE ATTACK?

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING MOTION WAS MAILED TO THE DEFENDANT THIS 6th DAY OF Nov., 2002
ONE COPY TO: LAWYER'S COMMITTEE ON NUCLEAR POLICY, JOHN BURROUGHS, EXEC. DIR.
THE INTERNATIONAL COURT OF JUSTICE, THE CHANCERY OF RUSSIA.

RESPECTFULLY SUBMITTED,
Douglas Dorr
Hansel and Grettle Field Operations

---

(CONT.) WEAPONS THAT ARE NOT ABLE TO BE PROPERLY TARGETED. 3.) USE OF WEAPONS THAT HAVE UNCONTROLABLE EFFECTS. 4.) AN ATTACK THAT TREATS AN AREA WITH SIMILAR CONCENTRATIONS OF MILITARY CIVILIAN OBJECTIVES AS A SINGLE MILITARY OBJECTIVE. 5.) AN ATTACK THAT MAY BE EXPECTED TO CAUSE HARM TO CIVILIANS OR CIVILIAN OBJECTIVES IN EXCESS OF THE CONCRETE AND DIRECT MILITARY ADVANTAGE ANTICIPATED.

2. CRIME AGAINST PEACE - ALSO KNOWN AS THE CRIME OF AGGRESSION, CRIMES AGAINST PEACE FORMED THE FIRST CHARGE AGAINST THE NAZIS IN THE 1945 CHARTER OF THE INTERNATIONAL MILITARY TRIBUNAL AT NUREMBERG. THE CHARTER DEFINED THEM AS "PLANNING, PREPARATION, INITIATION OR WAGING OF A WAR OF AGRESSION, OR A WAR IN VIOLATION OF INTERNATIONAL TREATIES, AGREEMENTS OR ASSURANCES, OR PARTICIPATION IN A COMMON PLAN OR CONSPIRACY [TO DO SO]."   SOURCE, SANTA FE PUBLIC LIBRARY, LA FARGE BRANCH. DD.